UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VIDYARTIE GANESH,

                Plaintiff,

-against-

DOCTOR SRINIVAS KESANAKURTHY, M.D.; MONTEFIORE THE UNIVERSITY HOSPITAL FOR ALBERT EINSTEIN COLLEGE OF MEDICINE; JOHN DOE DEFENDANT ASSISTANT DOCTOR; JOHN AND JANE DOES MONTEFIORE HOSPITAL EMPLOYEES; JOHN DOE INSURANCE COMPANIES; JOHN OR JANE DOE DEFENDANT MONTEFIORE CEO; DEFENDANT ALICIA GEREZ,

                Defendants.

25-CV-2652 (LLS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LOUIS L. STANTON, United States District Judge:

    Plaintiff, who is appearing *pro se*, is a citizen and resident of Guyana. He brings this action under the Court's federal question jurisdiction and diversity of citizenship jurisdiction. By order dated August 20, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses the complaint, but grants Plaintiff 30 days' leave to replead his claims in an amended complaint.

**STANDARD OF REVIEW**

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

The Defendants named in this complaint are: (1) "Montefiore the University Hospital for Albert Einstein College of Medicine" ("the Hospital"); (2) Dr. Srinivas Kesanakurthy, a surgeon; (3) John Doe Assistant Doctor; (4) John and Jane Does Hospital employees; (5) John or Jane Doe Hospital CEO; (6) John Doe Insurance Companies; and (7) Judge Alicia Gerez. Plaintiff's complaint contains the following factual allegations.

On an unspecified date, Plaintiff's brother, Vishnu Ganesh, died after Dr. Kesanakurthy "performed one or two heart surgeries on" him. (ECF 1 at 5.) On December 16, 2021, Dr. Kesanakurthy negligently and "fraud[ulently] performed heart surgery on Plaintiff, and "torture[d]" him. (*Id.* at 18.). Plaintiff claims that Dr. Kesanakurthy did the "wrong" procedure on him, stopped before completing it, and said that the did not have "the right tools to finish and disappeared." (*Id.* at 1.) As a result, Plaintiff has suffered, among other things, "illness and injury" to his heart; economic injuries, physical pain, emotional pain, permanent disability, inconvenience, and "loss of family and friends." (*Id.* at 20.) Plaintiff claims that the Hospital bears "vicarious liability" for the "acts and conduct" of its doctors, nurses, and assistants. (*Id.*)

Plaintiff alleges that after these events, on January 8, 2025, Judge Alicia Gerez "illegally, unlawfully, and unconstitutionally . . .blocked" a lawsuit that he filed in a New York State court, presumably about his claims against the Hospital and its staff. (*Id.* at 16.) Plaintiff claims that she did so because she is "racially biased." (*Id.*) Plaintiff seeks $50 million in damages. (*Id.* at 20.)

Plaintiff claims that he will "provide a Florida address which will constitute diversity as Plaintiff will be living in the state of Florida. Plaintiff is a former resident of the state of Florida, and had own[ed] properties in Florida." (*Id.* at 3.) According to Plaintiff, Dr. Kesanakurthy resides in the Bronx. (*Id.* at 1.) There are no allegations about the citizenship of any other individual Defendant.

## DISCUSSION

### A.   Federal claims

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996).

The Court construes Plaintiff's claims that Defendants violated his constitutional rights as arising under 42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v.*

3

*Atkins*, 487 U.S. 42, 48-49 (1988). A plaintiff asserting a claim for relief under Section 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties therefore generally are not liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties.").

With the exception of Judge Gerez, all the other Defendants–the Hospital and its employees, and insurance companies–are private parties or entities that are not alleged to work for any state or other government body. Accordingly, Plaintiff has not stated a claim against any of these defendants under Section 1983, and the Court dismisses those claims for failure to state a claim on which relief may be granted.

The Court must also dismiss Plaintiff's claims against Judge Gerez. Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). This is because, "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994).

Judicial immunity does not apply when the judge takes action "outside" of her judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles,* 502 U.S. at 9-10; *see also Bliven,* 579 F.3d at 209-10 (describing actions

4

that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman,* 435 U.S. 349, 356 (1978).

In addition to being immune from actions for damages, federal judges are also immune from any civil action seeking injunctive or declaratory relief. Although judicial immunity does not absolutely bar a claim for prospective injunctive and declaratory relief, *Shtrauch v. Dowd*, 651 F. App'x 72, 73 (2d Cir. 2016) (summary order), a court's ability to award injunctive relief against a judicial officer under Section 1983 is strictly limited. Under Section 1983, "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Here, Plaintiff fails to allege any facts showing that Judge Gerez acted beyond the scope of her judicial responsibilities or outside her jurisdiction. Plaintiff instead sues Judge Gerez for actions taken in the course of Plaintiff's state-court civil proceedings. Judicial immunity therefore applies.

Plaintiff is not entitled to injunctive relief against Judge Gerez because Plaintiff has not alleged either the violation of a declaratory decree, or the unavailability of declaratory relief. *See Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999) (per curiam). Declaratory relief against a judge for actions taken within her judicial capacity is ordinarily available by appealing the judge's order. *See Berlin v. Meijia*, No. 15-CV-5308, 2017 WL 4402457, at *4 (E.D.N.Y. Sept. 30, 2017) ("Here, no declaratory decree was violated and declaratory relief is available to plaintiffs through an appeal of the state court judges' decisions in state court."), *appeal dismissed*, No. 17-3589 (2d Cir. May 22, 2018); *Davis v. Campbell*, No. 13-CV-0693, 2014 WL 234722, at *9 (N.D.N.Y. Jan. 22, 2014).

The Court dismisses Plaintiff's claims against Judge Gerez based on absolute judicial immunity. Plaintiff claims against Judge Gerez are frivolous, and therefore fail to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the IFP statute].").

**B.     State-law claims**

    **1.     Diversity of citizenship jurisdiction**

Plaintiff asserts claims of medical malpractice, negligence, and fraud, which arise under state law. To show that the Court has diversity of citizenship jurisdiction to consider any state law claims under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998) ("A case falls within the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, *i.e.,* only if there is no plaintiff and no defendant who are citizens of the same State."). "An individual's citizenship, within the meaning of the diversity statue, is determined by his domicile." *Johnson v. Smithsonian*, 4 F. App'x 69, 70 (2d Cir. 2001) (citing *Palazzo v. Corio*, 232 F.3d 88, 42 (2d Cir. 2000)). Domicile is " the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998) (internal quotation marks omitted).

In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted).

6

Diversity exists between "citizens of a [U.S.] State and citizens or subjects of a foreign state," unless the foreign citizen is "lawfully admitted for permanent residence in the United States and . . . domiciled in the same State" as the U.S. citizen. 28 U.S.C. § 1332(a)(2); *see Windward Bora LLC v. Browne*, 110 F.4th 120, 127 (2d Cir. 2024) (explaining that the limiting clause in 28 U.S.C. § 1332(a)(2) "prevent[s] diversity jurisdiction in cases between a U.S. citizen and a permanent resident domiciled in the same state," even though the permanent resident remains a "citizen or subject of a foreign state" (alterations adopted and citation omitted)). The limiting clause in Section 1332(a)(2) "affects only the status of those aliens with 'green cards'— admitted to the United States for permanent residence," whereas "aliens present in this country on any lesser status will still be considered aliens, able to invoke alienage jurisdiction against a citizen of a state." *Ming Li v. Colonial BT, LLC*, No. 14-CV-999 (CSH), 2014 WL 3579469, at *3 (D. Conn. July 21, 2014) (quoting 1 James W. Moore, Moore's Federal Practice ¶ 0.75 [1.–5], at 800.56 (1991)) (alterations adopted); *see also Kato v. Cnty. of Westchester,* 927 F. Supp. 714, 716 (S.D.N.Y. 1996) ("[A]liens who have been accorded lawful permanent resident status under the immigration laws are considered aliens 'admitted for permanent residence,' while aliens admitted to the United States on temporary nonimmigrant visas are not.").

Plaintiff's assertions fail to satisfy both prongs of the diversity statute. He asserts that he is a citizen of Guyana, where he currently resides, that he once lived and owned property in Florida, and that he might return to Florida. He does not state where he is domiciled, whether he is a permanent resident, a naturalized United States citizen, or neither. If Plaintiff has been lawfully granted permanent residence or citizenship in the United States, under Section 1332(a)(2), he qualifies as a citizen of the state where he resides for purposes of the Court's diversity jurisdiction. If he will be residing in the United States on a visa or some other basis and

7

has not been conferred either permanent residency status or citizenship, he is considered an alien for purposes of diversity jurisdiction.

Plaintiff also does not specify the states of citizenship of any of the individual Defendants, with the exception of Dr. Kesanakurthy. For these reasons, he has not established that complete diversity exists between him and the individuals he seeks to sue. Finally, although Plaintiff purports to seek $50 million in damages, he does specify the legal basis for that amount.

**2.   Rule 8**

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

Even if diversity jurisdiction exists, Plaintiff's complaint does not comply with Rule 8. He alleges that Dr. Kesanakurthy committed medical malpractice and acted negligently, but his allegations–that Dr. Kesanakurthy performed the "wrong" procedure and left before completing it are vague and insufficient to state a plausible claim.[1] Additionally, Plaintiff alleges that Dr.

---

[1] 'Under New York law, the requisite elements of proof in a medical malpractice action are (1) a deviation or departure from accepted practice, and (2) evidence that such departure was a proximate cause of injury or damage.'" *Brown v. Cnty. of Jefferson*, No. 9:20-CV-1192, 2021 WL 2941919, *3 (N.D.N.Y. June 11, 2021) (quoting *Melvin v. Cnty. of Westchester*, No. 14-CV-2995 (KMK), 2016 WL 1254394, *19 (S.D.N.Y. Mar. 29, 2016)). Under New York law, a negligence claim has three elements: "(1) the existence of a duty on defendant's part as to

Kesanakurthy committed "fraud," but there no facts in the complaint suggesting that Plaintiff can state such a claim.[2]

With respect to all the other individual Defendants, Plaintiff names them in the caption of the complaint, but there are no allegations in the body of the complaint explaining what they did or failed to do that violated Plaintiff's rights under state law. *Cf. Iwachiw v. New York State Dep't of Motor Vehicles*, 299 F. Supp. 2d 117, 121 (E.D.N.Y. 2004) ("[W]here the complaint names a defendant in the caption but contains no allegations indicating exactly how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint in regard to that defendant should be granted" ) (citations omitted)), *aff'd*, 396 F.3d 525 (2d Cir. 2005).

### 3. Statute of limitations

Plaintiff's complaint appears to be untimely with respect to any claims of negligence or medical malpractice.[3] Under New York Civil Procedure Law and Rules § 214(5), a three-year

---

plaintiff; (2) a breach of this duty; and (3) injury to the plaintiff as a result thereof." *Alfaro v. Wal-Mart Stores, Inc.*, 210 F.3d 111, 114 (2d Cir. 2000) (citing *Akins v. Glens Falls City Sch. Dist.*, 53 N.Y.2d 325, 333 (1981).

[2] To state a claim for fraud under New York law, a plaintiff must demonstrate: (1) a misrepresentation or omission of material fact; (2) which the defendant knew to be false; (3) which the defendant made with the intention of inducing reliance; (4) upon which the plaintiff reasonably relied; and (5) which caused injury to the plaintiff." *Wynn v. AC Rochester*, 273 F.3d 153, 156 (2d Cir. 2001) (citing *Lama Holding Co. v. Smith Barney, Inc.*, 88 N.Y.2d 413, 421 (1996)). These allegations must meet the heightened pleading standard of Rule 9(b) of the Federal Rules of Civil Procedure, which provides that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." "To satisfy this requirement, a complaint must 'specify the time, place, speaker, and content of the alleged misrepresentations,' [and] 'explain how the misrepresentations were fraudulent." *Cohen v. S.A.C. Trading Corp.*, 711 F.3d 353, 359 (2d Cir. 2013) (quoting *Caputo v. Pfizer, Inc.*, 267 F.3d 181, 191 (2d Cir. 2001)).

[3] The limitations period in New York for claims of fraud is generally six years. *Cohen*, 711 F.3d at 361 & n.3 (noting that under N.Y. C.P.L.R. § 213(8), the limitations period is " the greater of six years from the date the cause of action accrued or two years from the time the plaintiff or the person under whom the plaintiff claims discovered the fraud, or could with reasonable diligence have discovered it" ). Plaintiff's complaint is, therefore, not untimely with

9

statute of limitations applies to state law negligence actions, and a limitations period of two years and six months applies to "medical, dental or podiatric malpractice" claims. C.P.L.R §§ 214, 214-a. *See Razzoli v. Richmond Univ. Med. Ctr.*, No. 23-CV-6697, 2023 WL 7017105, at *15 (E.D.N.Y. Oct. 25, 2023) (citing *Idiakheua v. N.Y. State Dep't of Corr. & Cmty. Supervision*, No. 20-CV-4169, 2022 WL 10604355, at *15 (E.D.N.Y. Oct. 18, 2022)). Here, regardless of whether the Court construes Plaintiff's allegations as giving rise to a claim of negligence, to which a three-year state of limitations applies, or a claim of medical malpractice, to which a limitations period of two years and six months applies, Plaintiff's complaint, which he filed on March 28, 2025, in connection with events occurring on December 16, 2021, appears to be untimely.

The doctrine of equitable tolling permits a court, "under compelling circumstances, [to] make narrow exceptions to the statute of limitations in order 'to prevent inequity.'" *In re U.S. Lines, Inc.*, 318 F.3d 432, 436 (2d Cir. 2003) (citation omitted). The statute of limitations may be equitably tolled, for example, when a defendant fraudulently conceals from a plaintiff the fact that the plaintiff has a cause of action, or when the plaintiff is induced by the defendant to forego a lawsuit until the statute of limitations has expired. *See Pearl v. City of Long Beach*, 296 F.3d 76, 82-83 (2d Cir. 2002). In addition, New York law provides that where a person "is under a disability because of . . . insanity at the time the cause of action accrues," the applicable statute of limitations will be tolled. N.Y. C.P.L.R. § 208; *Gardner v. Wansart*, No. 05-CV-3351 (SHS), 2006 WL 2742043, at *5 n.4 (S.D.N.Y. Sept. 25, 2006) (although mental illness is on its own insufficient for equitable tolling purposes, tolling is appropriate if a plaintiff is insane at the time the cause of action accrues and is "unable to protect [his] legal rights because of an overall

---

respect to any fraud claims. As previously discussed, however, he does not provide facts explaining how any Defendant engaged in fraud.

10

inability to function in society"). New York also provides by statute for other circumstances in which a limitations period may be tolled. *See, e.g.*, N.Y. C.P.L.R. § 204 (where commencement of an action has been stayed by court order).

Plaintiff does not provide any facts suggesting that the statute of limitations should be equitably tolled in this case. Because the failure to file an action within the limitations period is an affirmative defense, a plaintiff is generally not required to plead that the case is timely filed. *See Abbas*, 480 F.3d at 640. Dismissal is appropriate, however, where the existence of an affirmative defense, such as the statute of limitations, is plain from the face of the pleading. *See Walters v. Indus. and Commercial Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011) ("[D]istrict courts may dismiss an action *sua sponte* on limitations grounds in certain circumstances where the facts supporting the statute of limitations defense are set forth in the papers plaintiff himself submitted.") (internal quotation marks and citation omitted); *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) (affirming *sua sponte* dismissal of complaint as frivolous on statute of limitations grounds); *see also Abbas*, 480 F.3d at 640 (concluding that district court should grant notice and opportunity to be heard before dismissing complaint *sua sponte* on statute of limitations grounds).

## LEAVE TO AMEND GRANTED

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v.*

11

*USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). The Court grants Plaintiff 30 days' leave to replead his state-law claims in an amended complaint that: (1) establishes the Court's diversity jurisdiction to consider any state-law claims; (2) plausibly alleges a state-law claim against any properly named Defendant; and (3) shows that his claims are not time-barred or that equitable tolling of the statute of limitations is warranted.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed, 28 U.S.C. § 1915(e)(2)(B)(i)–(iii), Fed. R. Civ. P. 12(h)(3), with 30 days' leave to replead. The Court declines, under 28 U.S.C. § 1367, to exercise supplemental jurisdiction of any state law claims.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:   November 10, 2025
         New York, New York

                                                                    *Louis L. Stanton*
                                                                    Louis L. Stanton
                                                                       U.S.D.J.